**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHAWN M. KESLING, | No. 19-35645 |
| Plaintiff-Appellant, | D.C. No. 1:18-cv-00568-BLW |
| v. | |
| HENRY ATENCIO, Former Director, Idaho Department of Corrections; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Submitted November 9, 2020[**]

Before: THOMAS, Chief Judge, TASHIMA and W. FLETCHER, Circuit Judges.

Idaho state prisoner Shawn M. Kesling appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1915(e)(2)(B)(ii)); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A).  We affirm.

The district court properly dismissed Kesling's access-to-courts claim because Kesling failed to allege facts sufficient to show that any defendant caused an actual injury to a nonfrivolous claim.  *See Lewis v. Casey*, 518 U.S. 343, 349-53 (1996) (elements of an access-to-courts claim and actual injury requirement); *see also Christopher v. Harbury*, 536 U.S. 403, 415, 417 (2002) (to plead an actual injury, the complaint "should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a),[ ] just as if it were being independently pursued").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**